IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

EASTERN DIVISION - Davenport

| | |
|---|---|
| JARRED WENN TOLANDER ) | |
|     Plaintiff, ) | |
| ) | Case No. |
| ) | |
| vs. ) | COMPLAINT AT LAW |
| ) | |
| UNKNOWN HENRY COUNTY ) | And REQUEST FOR TRIAL |
| SHERIFF'S OFFICE EMPLOYEES, ) | BY JURY ON ALL ISSUES |
| GARRETT CARGILL, HENRY COUNTY, ) | |
|     Defendants. ) | |

    Comes Now, the plaintiff in the above titled action, by and through his undersigned attorney, and for cause of action against the defendants states:

    1. Jarred Wenn Tolander is a citizen of the United States, more than 21 years of age and resides in Hillsboro, Iowa.

    2. Defendants Henry County Sheriff's Office employees are those employees involved in the arrest of Mr. Tolander on June 25, 2022 and his detention until on or about June 29, 2022 when he was released.

    3. Defendant Garrett Cargill, at all times relevant hereto, was an employee of the Henry County Sheriff's Department and signed the service of the Mittmus on June 25, 2022 when Mr. Tolander was arrested and jailed.

    4. Defendant Henry County of the state of Iowa was, at all times relevant hereto, the employer of the Sheriff's Department employees involved in the arrest and

1

detention of Mr. Tolander, including Garrett Cargill.

5.  On January 25, 2022, a Mittimus issued from the Clerk of Court in Henry County at the request of the state of Iowa's Child Support Recovery Unit ("CSRU") for the arrest and detention of Mr. Tolander for failing to make payments on his child support obligation.

6.  On May 9, 2022, the Mittmus was recalled and the Order Directing Issuance of Mittmus was stayed because of child support payments made by Mr. Tolander. A hearing was set for July 25, 2022.

7.  The arrest report for Mr. Tolander indicated in bold lettering that he was SUICIDAL at the time of his arrest and detention.

Count I

42 USC 1983 claim to be free from illegal seizure under the 4th Amendment to the U.S. Constitution.

8.  Mr. Tolander incorporates paragraphs 1 - 7 of this petition as if fully set out herein.

9.  Mr. Cargill and the employees of the Henry County Sheriff's Department acted unreasonably and in violation of Mr. Tolander's constitutional right, pursuant to the 4th Amendment of the U.S. Constitution, to be free from the illegal seizure and retention of his person on the basis of one or more of the following circumstances:

> a)  The failure to properly document and record the May 9, 2022 recall of the Mittmus issued on January 25, 2022 when a copy of the Order was delivered to the Henry County Sheriff, the Henry County Clerk of Court and the Henry County Jail when the recall was issued.

    b) The failure to determine whether the Mittmus being served on Mr. Tolander when taking him into custody was valid at the time of his arrest on June 25, 2022.

    c) The failure to investigate whether the Mittmus being served on Mr. Tolander was valid after being informed of its recall by Mr. Tolander at the time of his arrest on June 25, 2022.

    d) The failure to investigate whether the Mittmus served on Mr. Tolander, providing the basis for his detention, was valid during the period of days that Mr. Tolander continued to be illegally incarcerated in the jail.

10. As a result of Mr. Cargill's and the other employees' actions in effecting the illegal arrest and detention of Mr. Tolander, Mr. Tolander has suffered actual damages including;

    a) Past pain and suffering and mental anguish.

    b) Future pain and suffering and mental anguish.

11. The actions of Mr. Cargill and the other employees in effecting the illegal arrest and detention of Mr. Tolander constituted a willful and reckless disregard of the constitutional rights of Mr. Tolander and placed him at unreasonable risk of danger related to his risk of suicide which warrants an award of punitive damages against such individuals.

12. Defendant Henry County is obligated to indemnify its employees pursuant to Iowa Code section 669.21(1) and 670.8(2).

13. Defendant Henry County owed its duty to Mr. Tolander to:

a) Properly train Mr. Cargill and its employees in the Henry County Sheriff's Office regarding the requirements to make an arrest and detain a person without violating their constitutional rights against unreasonable seizure of their person.

b) Implement appropriate policies and procedures to insure that its employees in the Henry County Sheriff's Office would not arrest or detain a person under circumstances that would be a violation of their constitutional right to be free from unreasonable seizure of their person.

14. Defendant Henry County failed in its duty to Mr. Tolander by:

a) Not training Mr. Cargill to confirm that the Mittmus which he was acting upon to make an arrest and detain Mr. Tolander had not been withdrawn.

b) Not training its employees in the Henry County Sheriff's department to update their files and records when an Order from a court withdraws a previously issued Mittmus.

c) Not training its employees to follow up and make appropriate inquiries when a person who is arrested based on a previously issued Mittmus informs them that the Mittmus has been withdrawn by the issuing Court.

d) Failing to implement appropriate policies and procedures to insure that when an issuing Court withdraws a previously issued Mittmus, that the office records are appropriately updated and its employees are notified of the withdrawal of the Mittmus.

15. As a result of Henry County's failure in its duties to Mr. Tolander, Mr. Tolander has suffered actual damages including;

    a) Past pain and suffering and mental anguish.

    b) Future pain and suffering and mental anguish.

Wherefore, the Plaintiff prays the Court find the Defendants violated 42 USC 1983 when they arrested and detained Mr. Tolander and award Mr. Tolander damages in amounts to adequately compensate him, to deter law enforcement employees from acting in a similar manner in the future and attorney fees and costs.

Count II

State Common Law False Arrest

16. Plaintiff Jarred Wenn Tolander incorporates paragraphs 1 - 7 of this petition as if fully set out herein.

17. The arrest and detention of Mr. Tolander was made against his will and while he was advising the employees of the Henry County Sheriff's department that the mittmus they were proceeding under had been recalled.

18. Because there was no active mittmus requiring Mr. Tolander's arrest and detention, the actions by the employees of the Henry County Sheriff's department in arresting and detaining Mr. Tolander were unlawful.

19. As a result of Mr. Cargill's and the other employees' actions in effecting the illegal arrest and detention of Mr. Tolander, Mr. Tolander has suffered actual damages including;

    a) Past pain and suffering and mental anguish.

b) Future pain and suffering and mental anguish.

20. Henry County is also responsible for the damages to Mr. Tolander as the employees of the Henry County Sheriff's department, in arresting and detaining Mr. Tolander, were acting within the scope of their employment and duties for the County.

Wherefore plaintiff, Jarred Wenn Tolander prays for judgment against the Defendants as stated herein including actual and punitive damages and reasonable attorney fees and costs and for such other relief as the Court may determine in the interests of justice.

PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES

W. Tyler Logan    #AT0004711
1229 Grand Avenue
Keokuk, Iowa  52632
ph: 319-795-9079
fax:  319-524-8643
email: ty@TyLoganLaw.com